Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Sep 27, 2023**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>GEOFFREY WAYNE REYNOLDS,<br><br>              Defendant. | Case No: 2:23-CR-00076-MKD<br><br>Pretrial Diversion Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dan Fruchter and Tyler H.L. Tornabene, Assistant United States Attorneys, as well as Defendant, GEOFFREY WAYNE REYNOLDS, and Defendant's counsel, Nicholas Vieth, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I. Overview and Information**

1.     On April 4, 2023, the United States Attorney's Office for the Eastern District of Washington notified Defendant that the Federal Bureau of Investigation (FBI) and the Department of Health and Human Services Office of Inspector General (HHS OIG) were investigating Defendant for False Statements Relating to Health Care Matters, in violation of 18 U.S.C. § 1035.

PRETRIAL DIVERSION AGREEMENT - 1

2.    Defendant waives indictment by grand jury and consents to the filing of an Information in the United States District Court for the Eastern District of Washington, charging Defendant with one count of False Statements Relating to Health Care Matters, in violation of 18 U.S.C. § 1035, in connection with the Covered Conduct, as set forth below.

3.    Defendant stipulates and agrees that Defendant did in fact violate 18 U.S.C. § 1035 and that the United States could prove Defendant's guilt beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

a.    Since 1994, Defendant has been a licensed pharmacist in Washington State (License No. PHRM.PH.00017863). Between 2019 and October 2021, Defendant worked as a pharmacist at Walgreens Store Number 13971, located in East Wenatchee, Washington, in the Eastern District of Washington.

b.    In August 2021, Washington Governor Jay Inslee announced that, effective October 18, 2021, state employees, including firefighters, had to be fully vaccinated against COVID-19 or have an approved exemption as a condition of their employment.

c.    On or about September 13, 2021, while working as a pharmacist at Walgreens Store Number 13971, Defendant knowingly, willfully, and intentionally falsified vaccine documentation for Douglas County Fire District firefighter, W.E., at W.E.'s request. W.E. did not want the vaccine, but believed that he needed vaccine documentation in order to keep his job. At W.E.'s request, Defendant knowingly, willfully, and with the intent to defraud, "wasted" *i.e.,* did not administer and destroyed, the dose, and then completed a false and fraudulent COVID-19 vaccine card, Walgreens vaccination administration records, and billing documentation, falsely reflecting that Defendant had administered an initial dose of the Pfizer

PRETRIAL DIVERSION AGREEMENT - 2

COVID-19 vaccine to W.E. On or about October 5, 2021, Defendant did the same for W.E.'s purported second dose of the Pfizer vaccine.

      d.    On or about September 20, 2021, while working as a pharmacist at Walgreens Store Number 13971, Defendant knowingly, willfully, and intentionally falsified COVID-19 vaccine documentation for Douglas County Fire District firefighter J.B., at J.B.'s request. J.B. had obtained an initial dose of the COVID-19 vaccine, and, because he believed he had a bad reaction to the initial dose, did not want a second dose, but believed that he needed documentation of the second dose in order to keep his job. At J.B.'s request, Defendant knowingly, willfully, and with the intent to defraud, "wasted" *i.e.,* did not administer and destroyed, the dose, and then completed a false and fraudulent COVID-19 vaccine card, Walgreens vaccine administration records, and billing documentation, falsely reflecting that Defendant had administered a second dose of the Pfizer COVID-19 vaccine to J.B.

      e.    Defendant's fraudulent conduct with respect to J.B. and W.E. involved a "health care benefit program" in that both J.B. and W.E. had health insurance coverage through Washington's Public Employees Benefit Board program, which provides health insurance coverage for Washington state employees, which Walgreens billed and received payment based on the fraudulent documentation completed by Defendant.

      f.    Defendant subsequently admitted to falsifying COVID-19 vaccination data for J.B. and W.E. when interviewed by the FBI and HHS-OIG on April 4, 2023.

    4.    On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for 36 months. This 36-month period begins on the date this Agreement is signed by both parties and accepted by the Court.

PRETRIAL DIVERSION AGREEMENT - 3

5.  The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 36-month period by an additional 12 months, for a total of 48 months.

## II.  Terms

Defendant stipulates and agrees to the following terms:

6.  **Waiver of Constitutional Rights.** Defendant, by entering this Agreement, agrees to waive certain constitutional rights including (1) the right to a jury trial; (2) the right to see, hear, and question witnesses; and (3) the right to compel witnesses to testify. Defendant knowingly and voluntarily waives the above rights.

7.  **Supervision.** Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 36-month period (or longer, if the period is extended by the Court). Further, Defendant understands the following:

    a.  Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

    b.  If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, Defendant shall notify Defendant's supervising pretrial diversion officer within two business days.

    c.  Defendant shall live within the jurisdiction of the Eastern District of Washington. If Defendant seeks to reside outside the District, Defendant shall notify and seek the approval of Defendant's supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

    d.  Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify Defendant's supervising pretrial diversion officer. In the event that Defendant becomes self-employed, Defendant shall provide evidence of such self-employment.

PRETRIAL DIVERSION AGREEMENT - 4

  e. Defendant shall report to Defendant's supervising pretrial diversion officer as directed by the Court or U.S. Probation. Any failure to abide by the reporting requirements as established by the Court or U.S. Probation shall be deemed as an irrevocable violation of the Agreement.

  f. Defendant shall not possess, control, consume, and/or use any illegal control substance, including marijuana, nor possess any firearm or ammunition for any firearm unless approved by the supervising probation officer. Defendant shall not use alcohol to excess.

  g. Defendant shall perform at least 100 hours of community service with an organization approved by U.S. Probation.

 7. **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives indictment and all rights to a speedy indictment and/or trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

 8. **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

 9. **Admissibility of the Agreement in Prosecution.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates

PRETRIAL DIVERSION AGREEMENT - 5

and agrees that the Agreement and Defendant's admissions contained therein shall be admissible against Defendant at any trial, sentencing, or other related proceeding.

The United States stipulates and agrees to the following:

10. **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 36 months (or up to 48 months, if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States stipulates will, seek dismissal with prejudice of the Information filed against Defendant pursuant to this Agreement. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in the Information and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

**III.  Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____            9/27/2023
Dan Fruchter                                          Date
Assistant U.S. Attorney

PRETRIAL DIVERSION AGREEMENT - 6

_____ for    9/27/2023
Tyler H.L. Tornabene              Date
Assistant U.S. Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

_____    9/27/2023
Geoffrey Wayne Reynolds           Date
Defendant

_____    9/27/2023
Nicholas Vieth                    Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

_____    9/27/2023
Hon. Mary K. Dimke                Date
United States District Judge

PRETRIAL DIVERSION AGREEMENT - 7